UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO REYES,
   *Petitioner*

v.

UNITED STATES OF AMERICA,
   *Respondent*.

No. 3:23cv874 (MPS)

**RULING ON § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Ricardo Reyes, *pro se*, seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the ground that his trial counsel rendered ineffective assistance. ECF No. 1. For the reasons set forth below, the motion is DENIED as untimely.

**I.   Background**

Reyes pled guilty on March 4, 2020, to conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and (vi), and 846 (count 1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count 4). *United States v. Ricardo Reyes*, No. 3:19cr172, ECF No. 237. As part of the plea agreement, Reyes agreed to waive his right to appeal or collaterally attack his conviction and his sentence if his sentence did not exceed 248 months of imprisonment, 5 years of supervised release, a $200 special assessment, and a fine of $5 million, as well as forfeiture of the assets referenced in the plea agreement. *Id*., ECF No. 238 at 8.

On February 11, 2021, I sentenced Reyes to 156 months on count one and 60 months on count four, to run consecutively, for total effective sentence of 216 months of imprisonment, 5

years of supervised release, and a $200 special assessment. *Id*., ECF No. 470. At the conclusion of the sentencing hearing, I advised Reyes that if he wished to appeal his sentence, he had to file a notice of appeal. *Id*., ECF No. 547 at 81.[1] Judgment entered February 16, 2021. *Id.*, ECF No. 470.

On August 19, 2022,[2] Reyes, proceeding *pro se*, filed an appeal. ECF No. 1-11.

## II. Reyes's Motion[3]

On June 30, 2023, Reyes filed this Section 2255 motion. ECF No 1. He asserts that he was denied effective assistance of counsel because his attorney failed to file a notice of appeal.[4] The government filed an objection on the grounds that the motion is untimely. ECF No. 8. Reyes filed a reply. ECF No. 12.

In support of his claim that his attorney failed to file an appeal, Reyes avers that he received a letter dated February 18, 2021 from his attorney, Justin Smith, with a copy of the judgment. ECF No. 1-6 at 7. Smith's letter stated:

> As we discussed after the sentencing hearing, if you wish to file an appeal for any reason, you must contact me no later than February 26, 2021. However, as we also discussed, you received a sentence below the appellate waiver contained in your plea agreement. Therefore, any appeal would be unlikely to succeed. Despite that, I will file a notice of appeal on your behalf if you request it.

ECF No. 1-6 at 7. An image of the envelope attached to Reyes's motion indicates the letter was received at the facility on February 22, 2021. ECF No. 1-6 at 6.

---

[1] I misspoke at the sentencing, erroneously advising Reyes that he had fifteen days to file the notice of appeal. Under the law, he had fourteen days from the entry of judgment to do so. See Fed. R. App. P. 4(b). I do not see any way in which this error prejudiced him.

[2] Reyes certified that he mailed the Notice of Appeal on August 19, 2022. ECF No. 1-7 at 2. Accordingly, under *Houston v. Lack*, 487 U.S. 266 (1988), I use that date.

[3] Because Reyes is proceeding *pro se*, his petition is held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). And I must liberally construe his papers to raise the strongest arguments that they suggest. *Id.*

[4] Reyes also alleges that his attorney "misrepresented the fact that [Reyes] could withdraw his guilty plea," failed to adequately investigate the basis of a motor vehicle stop underpinning one of the charges against him, and failed to introduce material evidence at the suppression hearing. ECF No. 1 at 7.

According to Reyes, he sent Smith a letter - also dated February 18, 2021 - asking him to file an appeal. ECF No. 1-6 at 5. The letter states that "my family have tried to reach you through call [sic] to ask you to file my appeal but no answer. So I'm doing so in this letter." *Id.* The envelope and certified mail receipt included with the letter indicate that it was postmarked March 22, 2021, that it was sent by certified mail, and that it was returned to sender "not deliverable as addressed, unable to forward" on March 30, 2021. See ECF No. 1-6 at 2-5. Reyes's motion states that "[A]fter some careful thought, Mr. Reyes decided to contact counsel and invoke his right to an appeal. After many attempts to contact counsel by phone that led to negative results, and Mr. Reyes's family also assisted in contacting counsel on his behalf [without success]. So, this led to Mr. Reyes to write counsel by certified mail." ECF No. 1-8 at 9. Reyes claims that his attorney "abandoned" him. *Id.*

On August 19, 2022, Reyes filed a *pro se* Notice of Appeal. ECF No. 1-11. Thereafter, on September 13, 2022, Attorney Smith filed a motion to withdraw as counsel in Reyes's appeal. ECF No. 1-12. Reyes was subsequently appointed other appellate counsel. ECF No. 12-1 at 21. On February 21, 2023, Reyes requested that his appeal be held in abeyance pending the adjudication of his 2255 petition, ECF No. 12 at 4, which at the time had not yet been filed. *See Reyes v. United States*, No. 22-1973, ECF No. 47 (2d Cir.). On February 24, 2023, the Court of Appeals granted his request. *Id.* at ECF No. 52.

### III. LEGAL STANDARD

Section 2255 allows a convicted person held in federal custody to file a motion in the sentencing court to vacate, set aside, or correct a sentence. In particular, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the

3

Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law." *Thai v. United States*, 391 F.3d 491, 493 (2d Cir. 2004).

## IV.   DISCUSSION

The government argues that Reyes's motion is untimely and that he is not entitled to equitable tolling.

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation...." *Clay v. United States*, 537 U.S. 522, 524 (2003); *see* 28 U.S.C. § 2255(f).  The limitation period runs from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

<u>28 U.S.C. § 2255(f)(1)</u>

If the filing deadline was calculated under § 2255(f)(1), Reyes's motion would be untimely.  "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).  Federal Rule of Appellate Procedure 4(b)(1)(A)(i) requires that the notice of appeal in a criminal case be filed within fourteen days of entry of judgment; so Reyes's judgment

became final on March 2, 2021 – 14 days after his judgment of conviction was entered. However, Reyes filed his 2255 motion on June 30, 2023, more than two years after his conviction became final.

<u>28 U.S.C. § 2255(f)(4)</u>

Reyes claims that his motion was filed beyond the one-year limit because his attorney failed to file an appeal. "In cases in which an attorney fails to file a requested notice of appeal ..., 'the date on which the facts supporting [the defendant's claim of ineffective assistance] could have been discovered,' *see* 28 U.S.C. § 2255 (f)(4), may very well be later than the day the judgment became final." *United States v. Wright*, 945 F.3d 677, 683 (2d Cir. 2019). "[T]he statute of limitations may be reset to run from the date a petitioner [could have] discovered, 'through the exercise of due diligence,' … the failure of his attorney to file a requested notice of appeal." *Ewing v. United States*, No. 21 CV 9750, 2022 WL 17417290, at *3 (S.D.N.Y. Dec. 5, 2022). "This is so, moreover, regardless of whether petitioner actually discovers the relevant facts at a later date." *Wims v. United States*, 225 F.3d 186, 186 (2d Cir. 2000). "The statute does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." *Id.* at 190 n.4. Thus, the "proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Id.* at 190. A petitioner has one year after that date in which to file his 2255 motion. *Id.* ("[s]ection 2255[f](4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final ... to the later date on which the particular claim accrued.") The "petitioner bears the burden of persuading the court that he exercised due diligence in
5

discovering the factual predicate of his habeas claim." *United States v. Hoover*, No. 5:16-CR-58, 2020 WL 473639, at *3 (D. Vt. Jan. 3, 2020).

Here, in order to conclude that Reyes's motion is timely under Section 2255(f)(4), I would have to find that Reyes, despite exercising due diligence, could not have discovered his attorney's failure to file a notice of appeal during the period between March 2, 2021, when his conviction became final, and June 30, 2022, one year before he filed his motion. In other words, Reyes must prove that even though he exercised due diligence, he was unable to discover before June 30, 2022, that no appeal had been filed. The record does not support such a finding.

Reyes and his family made "many attempts to contact counsel by phone" that were unsuccessful after which Reyes sent Smith a certified letter that was returned to him on March 30, 2021 as undeliverable. Reyes states that he felt his counsel abandoned him at that point. Reyes did not take any other steps. Thus, even allowing for some amount of time for Reyes to inquire as to the status of his appeal in response to the returned letter, the one-year limitations clock began to run, at the latest, sometime in early April 2021. He did not file his 2255 motion until June 30, 2023. His failure to inquire earlier whether any appeal had been filed and his failure to point to anything in the record that would have given him reason to believe it had been makes his 2255 motion untimely. *See Chen v. United States*, No. 02 CR. 1039, 2008 WL 563442, at *3 (S.D.N.Y. Feb. 20, 2008) (petitioner failed to show due diligence where he had no contact with counsel for a period of 20 months before he filed a Section 2255 motion during which he made no effort to ascertain the status of his appeal); *Gonzalez-Ramos v. United States*, No. 05 Civ. 3974, 2007 WL 1288634, at *10 (S.D.N.Y. May 2, 2007) ("A diligent person in Petitioner's circumstances would not have required two years in addition to the one year provided under the statute of limitations to execute the simple task of obtaining and checking a

docket sheet."); *United States v. Barrett,* No. 02-CR-0101-C-01, 2005 WL 978105, at *1 (W.D. Wis. Apr. 26, 2005) ("The lack of any appeal from his conviction was evident on this court's docket, which is a public record.")

Reyes argues, however, that "[t]he fact [that] counsel waited a year and 1/2 [after sentencing to withdraw] gave [him] the impression he [was] still represented by counsel." ECF No. 12-1 at 12. He contends the government has failed to explain what happened to counsel after sentencing. See ECF No. 12 at 5. But the time for determining when the Section 2255 limitations period begins is when Reyes could have discovered through the exercise of due diligence that Smith had failed to file the appeal. And that date is when Reyes's letter to Smith was returned undelivered, from which Reyes concluded Smith had "abandoned" him, and not when Smith filed a motion to withdraw more than a year and half after Reyes last communicated with him. The sequence of the letters only underscores this point. The record suggests that on February 22, 2021, Reyes received counsel's letter instructing Reyes that if he wanted to appeal, counsel needed to hear from him by February 26, 2021. Reyes's letter to counsel directing him to file the appeal was returned to Reyes undelivered on March 30, 2021, and in the meantime, Reyes's family members had, according to Reyes, made unsuccessful attempts to reach counsel. This chain of events gave Reyes no reason to believe that counsel had received any inkling of Reyes's desire to file an appeal, and the fact that counsel maintained an appearance in the case does not change this.

Equitable Tolling

Reyes contends that equitable tolling is warranted here. In "rare and exceptional circumstance[s]," *Smith v. McGinnis,* 208 F.2d 13, 17 (2d Cir. 2000), "the one-year period may be equitably tolled (that is, the one-year period within which the claim had to be filed would not

7

begin to accrue until a later date).” *Csanadi v. United States*, No. 3:15CV1459, 2016 WL 2588162, at *3 (D. Conn. May 4, 2016).  However, "[t]o equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (internal quotation marks omitted).  Further, "[t]o show that extraordinary circumstances prevented him from filing his petition on time, [a] petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing[.]" *Id.* (internal quotation marks omitted).

Reyes claims that he has shown extraordinary circumstances because his attorney "abandoned" him.  ECF No. 12 at 2.  Even assuming that Attorney Smith's conduct constitutes the kind of rare and extraordinary circumstance that warrants equitable tolling, Reyes fails to demonstrate the due diligence required for equitable tolling as set forth above.  As shown above, despite hearing nothing from his lawyer after his own letter to counsel was returned to him on March 30, 2021, Reyes took no action until August 19, 2022 when he filed a notice of appeal.  *See Ortiz v. United States*, No. 18 CR 291-7, 2023 WL 4157191, at *3 (S.D.N.Y. June 23, 2023) ("Ortiz's failure to pursue his rights diligently after realizing his attorney was allegedly ignoring his correspondence and requests breaks any causal link between the supposed extraordinary circumstance of his attorney's conduct and Ortiz's failure to timely file a Section 2255 motion.") And he did not file the Section 2255 motion until June 30, 2023 – more than four months after the Court of Appeals issued an order holding the appeal in abeyance until he finished prosecuting his Section 2255 motion.

Reyes also claims that he was impeded because of being transferred from one prison to another. ECF No. 12 at 2. Specifically, Reyes claims that after sentencing, he "entered into this BOP transportation nightmare" and was "bounced around from prison to prison." ECF No. 12-1 at 9. Transfers between prison facilities, in and of themselves, do not constitute the extraordinary circumstances necessary for equitable tolling. *See, e.g. Owens v. Keyser*, No. 18-CV-11638, 2020 WL 9596014, at *5 (S.D.N.Y. Sept. 25, 2020) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances)(internal quotation marks omitted); *Acosta v. United States*, No. 09 CR 1126, 2012 WL 206119, at *2 (S.D.N.Y. Jan. 23, 2012) ("The impediments asserted by petitioner—including prisoner transfers, lockdowns, and limited access to legal papers and law libraries—are common to many prisoners during their incarceration. Such impediments do not constitute the type of 'extraordinary circumstances' that would warrant equitable tolling of the statute of limitations."); *Morales v. Bradt*, No. 11-CV-00329, 2013 WL 600176, at *4 (W.D.N.Y. Feb. 11, 2013) ("lack of access to legal materials or papers does not constitute an extraordinary circumstance that warrants equitable tolling"). Reyes does not articulate with any specificity how the transfers hindered his ability to timely file his petition and has not shown that the issues described fall outside of the range of the "usual problems inherent in being incarcerated [that] do not justify equitable tolling." *Baldayaque v. U.S.*, 338 F.3d 145, 152 (2d Cir. 2003). Moreover, even if the transfers could be construed as an extraordinary circumstance, Reyes does not state any facts showing that he pursued his rights diligently throughout the period he seeks to toll.

V.      CONCLUSION

For the foregoing reasons, the motion is dismissed as untimely. The Clerk of Court shall close this case.

Under *Slack v. McDaniel*, 529 U.S. 473 (2000), when a district court denies a § 2255 motion on procedural grounds, a certificate of appealability may issue only upon a showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Because it is not debatable that the Section 2255 motion is untimely, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       September 18, 2024