UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO REYES,
    *Petitioner*

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:23cv874 (MPS)

**RULING ON MOTION FOR RECONSIDERATION**

Ricardo Reyes has filed a motion for reconsideration of the Court's September 18, 2024 ruling denying his motion under 28 U.S.C. § 2255. ECF No. 17. For the reasons that follow, the motion is denied.

As a threshold issue, Mr. Reyes' motion for reconsideration is untimely. Motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. R. 7(c)(1). Even using the date on his motion of October 11, 2024 as the filing date, as opposed to the ECF generated filing date, the motion was filed more than 20 days after the ruling at issue and is therefore untimely. This missed deadline "provides sufficient grounds for denying the motion." *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007).

Even if the motion was timely, I would still deny it because it fails to comply with the strict standard applicable to a motion for reconsideration.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures § 4478 (1st ed. 1981)).

Reyes does not point to "controlling decisions or data" the Court overlooked. Rather, he merely seeks to relitigate issues already decided. Specifically, Reyes argues that "contrary to the Court's reasoning, the point when petitioner reasonabl[y] should have known counsel did not file a notice of appeal and was no longer representing him was when counsel withdrew." ECF No. 17 at 3.

As set forth in the ruling, the "time for determining when the Section 2255 limitations period begins is when Reyes could have discovered through the exercise of due diligence that Smith had failed to file the appeal." ECF No. 16 at 7. In resolving this issue, I addressed the entire timeline of events in my ruling, including counsel's motion to withdraw, and concluded that "that date is when Reyes's letter to Smith was returned undelivered, from which Reyes concluded Smith had 'abandoned' him, and not when Smith filed a motion to withdraw more than a year and half after Reyes last communicated with him." *Id.* Reyes clearly disagrees with my determination, but "mere disagreement with a court's conclusion is not grounds for granting a motion for reconsideration." *Back9 Network, Inc. v. Altounian*, No. 3:12-CV-00582 (JCH), 2013 WL 12251706, at *1 (D. Conn. Oct. 21, 2013).

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
April 4, 2025